624 So.2d 248 (1993)
FLORIDA INTEREXCHANGE CARRIERS ASSOCIATION, Appellant,
v.
Thomas M. BEARD, etc., et al., Appellees.
No. 80007.
Supreme Court of Florida.
September 16, 1993.
*249 Vicki Gordon Kaufman of McWhirter, Grandoff & Reeves, Tallahassee, for appellant.
Robert D. Vandiver, Gen. Counsel and Marsha E. Rule, Associate Gen. Counsel, Florida Public Service Com'n, Tallahassee, and Thomas R. Parker, GTE Florida Incorporated, Tampa, for appellees.
HARDING, Justice.
This cause is before us on direct appeal brought by the Florida Interexchange Carriers Association (FIXCA) to review Order No. 25708 of the Florida Public Service Commission (Commission). The order at issue reclassified certain routes as local, thus precluding competition on those routes. As a result of this order, members of FIXCA, which is a trade association that represents companies handling long-distance telephone calls, were precluded from providing long-distance service over those routes. We have jurisdiction pursuant to article V, section 3(b)(2) of the Florida Constitution. For the reasons expressed below, we uphold the classification of the routes as local under the Commission's exclusive jurisdiction to regulate telecommunication common carriers. § 364.01(2), Fla. Stat. (1991).
This case arose after GTE Florida Incorporated (GTEFL) filed proposed tariff revisions (T-91-037) on January 29, 1991, seeking to restructure the rates and dialing patterns for telephone calls among the communities of Clearwater, St. Petersburg, Tampa, and Tarpon Springs. GTEFL sought to replace long-distance telephone service among those four communities with Extended Calling Service (ECS). Under the GTEFL proposal, callers would dial seven-digit numbers and would be billed on a nondistance-sensitive per-minute basis at rates approximately seventy percent below the existing long-distance rates.
On March 5, 1991, FIXCA filed a petition asking the Commission either to reject GTEFL's proposed plan or to suspend the plan and hold a hearing. At the time, FIXCA members were authorized to compete with GTEFL on long-distance service for the communities at issue. On May 7, 1991, by Order No. 24488, the Commission granted FIXCA's request for a hearing and decided not to take any action on GTEFL's proposed tariff pending the outcome of the hearing. The Commission granted intervenor status to the Florida Pay Telephone Association, the Office of Public Counsel, and Southern Bell Telephone and Telegraph Company.
*250 On June 21, 1991, the Commission sent a notice that identified the purpose of the hearing as permitting "parties to present testimony and exhibits relative to any and all issues regarding GTE Florida, Inc.'s proposal to offer Extended Calling Service in Florida." After the Commission held its hearing on September 11, 1991, and received post-hearing briefs on October 12, 1991, it approved a modified version of GTEFL's ECS plan. In Order No. 25708 at 34, issued on February 11, 1992, the Commission stated that:
We find that the routes for which ECS has been approved shall be classified as local and held to fall within the ambit of "local exchange service," as that term is employed in Section 364.335. This is consistent with our treatment of EAS [Extended Area Service] as local service. The necessary result of our action shall be to preclude competition on these routes.
The Commission rejected GTEFL's proposed tariff that would have charged customers lower per-minute rates. Instead, the Commission authorized GTEFL to charge residential customers twenty-five cents per call, regardless of the call's duration, and business customers ten cents per minute for the initial minute and six cents for each additional minute per call. The Commission treated this as local service, which generally does not allow competition. See § 364.01(3)(b), Fla. Stat. (1991). The Commission based its absolute prohibition on competition on the Extended Calling Service routes on section 364.335(3), Florida Statutes (Supp. 1990).[1]
In this appeal, FIXCA challenges the Commission's decision to preclude its members from competing with GTEFL for the Extended Calling Service among the communities affected by Order No. 25708. When the Commission issued Order No. 25708, FIXCA members held certificates to provide long-distance service statewide, which included service for Clearwater, St. Petersburg, Tarpon Springs, and Tampa. FIXCA argues that the Commission does not have the authority to prohibit its members from serving those specific routes that they had previously served.
Commission orders come to this Court "clothed with the statutory presumption that they have been made within the Commission's jurisdiction and powers, and that they are reasonable and just and such as ought to have been made." United Tel. Co. v. Public Serv. Comm'n, 496 So.2d 116, 118 (Fla. 1986) (quoting General Tel. Co. v. Carter, 115 So.2d 554, 556 (Fla. 1959) (footnote omitted)). However, the Commission is not entitled to this deference if it exceeds its authority. United Telephone, 496 So.2d at 118.
FIXCA urges that under the plain meaning of section 364.335 the Commission had no authority to divest its members of their certificates to provide long-distance service in the affected area. See § 364.335(3), Fla. Stat.(Supp. 1990). We agree. A general rule of statutory construction in Florida is that courts should not depart from the plain and unambiguous language of the statute. Citizens of State v. Public Serv. Comm'n, 425 So.2d 534, 541-42 (Fla. 1982). FIXCA correctly notes that section 364.335 is entitled "Application for certificate," and we agree that the statute applies only to companies seeking new certificates to provide telephone service. GTEFL, however, was not seeking *251 a new certificate. It already had a certificate to provide long-distance telephone service to the communities affected by Order No. 25708. Thus, GTEFL's application does not fall under the "new certificate" scope of section 364.335. Therefore, we hold that the Commission erred in using section 364.335 to restrict competition over the Extended Calling Service area.
We find, however, that section 364.01, Florida Statutes (1991), gives the Commission exclusive jurisdiction to regulate telecommunications.[2] The Commission's jurisdiction extends over both the rates charged by telecommunications companies and the services the companies provide. See § 364.01(3)(a), (b), (c), and (e), Fla. Stat. (1991). The statute directs the Commission to exercise its exclusive jurisdiction to "[p]rotect the public health, safety, and welfare by ensuring that basic telecommunications services are available to all residents of the state at reasonable and affordable prices," § 364.01(3)(a), and to ensure that "monopoly services provided by a local exchange telecommunications company continue to be subject to effective rate and service regulation." § 364.01(3)(b).
By giving the Commission exclusive jurisdiction over telecommunications services, the Legislature has provided the Commission with broad authority to regulate telephone companies. Thus, it was not necessary for the Commission to rely on section 364.335 to reclassify the GTEFL tariff. The exclusive jurisdiction in section 364.01 to regulate telecommunications gives the Commission the authority to determine local routes. Because the Commission properly has jurisdiction to reclassify GTEFL's tariff, the standard for review is whether the competent, substantial evidence supports the Commission's order. Citizens of State, 425 So.2d at 538.
The record shows that the purpose of the hearing was to consider issues regarding GTEFL's plan. The issue focused on whether the Tampa Bay area routes would be considered local.[3] The Commission's administrative rules and regulations require telephone companies to investigate local calling needs and to explore the feasibility of expanding local calling areas. Fla. Admin. Code R. 25-4.042 (1990). Expanded local service may be appropriate based on the community of interest, high tool usage, and a sufficient desire by subscribers to establish the service. Id.
The record in the instant case shows that the Commission found a number of factors that support the finding of a community of interest that is sufficient to warrant toll relief among Clearwater, St. Petersburg, Tampa, and Tarpon Springs. While the volume of calls among the cities was not enough to merit a flat local rate, the Commission found that the significant level of calling and the community of interest justified the plan ultimately adopted. Order No. 25708 at 6. See also Fla. Admin. Code R. 25-4.060(2) (1990) (factors that justify expanded local service include the usage and a demonstrated dependence between exchanges). The Commission found a dependency among the communities for educational, health, economic, or governmental services, for emergency service, and for social and recreational activities. The order further pointed out that jobs, universities, governmental offices, an airport, the designation of the Tampa Bay area as a single media market, and a high level of commuting between the communities all link the area. See Order No. 25708 at 6-11. In short, the Commission's order is based on competent, substantial evidence that justifies reclassifying calls in the area as local. Id. at 11.
We reject FIXCA's argument that the Commission effected a de facto cancellation *252 of its members' certificates when it adopted Order No. 25708. Long-distance carriers' certificates for statewide long-distance service do not entitle the carriers to compete over any specific routes, but rather are general in nature. Fla. Admin. Code R. 25-24.47(4)(a) (1992). Because of the general nature of FIXCA members' certificates, the members neither have licenses to compete over specific routes nor do they have a vested interest in providing service in the areas affected by Order No. 25708. Therefore, the Commission was not obligated to follow the administrative procedures required to revoke a license. See § 120.60(7), Florida Statutes (1991). The exclusive jurisdiction in section 364.01 gives the Commission the authority to determine local calling routes based on the needs of the community.
For the reasons expressed above, we conclude the Commission was within its authority to determine the scope of local exchange service. We therefore approve the tariff adopted in Order No. 25708.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Section 364.335(3), Florida Statutes (Supp. 1990), provides in pertinent part:

The commission may not grant a certificate for a proposed telecommunications company, or for the extension of an existing telecommunications company, which will be in competition with or duplicate the local exchange services provided by any other telecommunications company unless it first determines that the existing facilities are inadequate to meet the reasonable needs of the public and it first amends the certificate of such other telecommunications company to remove the basis for competition or duplication of services. The commission may, however, grant such a certificate for a proposed telecommunications company, or for the extension of an existing telecommunications company, which will be providing either competitive or duplicative pay telephone service pursuant to the provisions of s. 364.3375, or private line service by a certified alternative access vendor, without determining that existing facilities are inadequate to meet the reasonable needs of the public and without amending the certificate of another telecommunications company to remove the basis for competition or duplication of services.
[2] Section 364.01(2), Florida Statutes (1991), provides in pertinent part:

It is the legislative intent to give exclusive jurisdiction in all matters set forth in this chapter to the Florida Public Service Commission in regulating telecommunications common carriers... .
[3] In fact, the record reveals that FIXCA did not challenge whether the Commission had the authority to consider the GTEFL plan to be local. Instead, the issue at hearing was whether the Commission should consider the proposal to be local.